UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STANFORD HEALTH CARE,

    Plaintiff,

    v.

TRUSTMARK SERVICES COMPANY, et al.,

    Defendants.

Case No. 22-cv-03946-RS

**ORDER GRANTING MOTIONS TO DISMISS**

# I. INTRODUCTION

Plaintiff Stanford Health Care ("Stanford") filed this diversity action against Defendants Trustmark Health Benefits, Inc. ("Trustmark"),[1] and The Chefs' Warehouse, Inc. ("TCW"). In the operative First Amended Complaint ("FAC"), Plaintiff avers it provided medical services to beneficiaries of health insurance plans sponsored by TCW and administered by Trustmark, but that Defendants failed to pay the full amounts billed by Plaintiff. The FAC raises two claims for relief against each Defendant: one for breach of implied contract, and one for *quantum meruit*. Trustmark and TCW have each separately moved to dismiss the FAC in its entirety — the former under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the latter under Rule 12(b)(6) alone. For the reasons discussed below, both motions are granted.

---

[1] Trustmark notes it was incorrectly named as "Trustmark Services Company." *See* Dkt. 23, at 2.

## II. BACKGROUND[2]

Stanford Health Care is a nonprofit corporation that operates Stanford Hospital in Palo Alto, California. Between January 2020 and June 2021, Plaintiff "provided medically necessary treatment" to patients who belonged to a health plan sponsored by TCW and administered by Trustmark. Dkt. 20 ("FAC") ¶ 9. Each time a patient was treated at Stanford Hospital, Plaintiff contacted Defendants to verify that the patient was in fact a beneficiary of Defendants' health plan; and each time a patient was discharged, Plaintiff submitted a bill to Defendants for the costs of treatment. Plaintiff states that, while Defendants reimbursed part of these costs, they have underpaid Plaintiff by $513,760.25.

After Defendants refused Plaintiff's demands to pay this remainder, Plaintiff filed suit in May 2022 in the Superior Court of California for the County of Santa Clara; Trustmark later removed to federal court. The operative FAC raises two claims for relief. First, Plaintiff argues Defendants have breached an implied-in-fact contract that was formed when Defendants verified each patient's membership in the health plan. Second, Plaintiff raises a claim for *quantum meruit*, arguing it provided medical services "pursuant to Defendants [sic] implied and/or express request," and that Defendants ultimately benefitted from Plaintiff's provision of medical care to the patients. FAC ¶ 28. Plaintiff seeks to recover the full unpaid amount ($513,760.25), plus interest, as well as attorney fees and costs. Trustmark and TCW each subsequently filed motions to dismiss. Each motion challenges the sufficiency of Plaintiff's pleadings under Rule 12(b)(6); Trustmark also moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject-matter jurisdiction over the asserted claims. The plaintiff bears the burden of proving

---

[2] This section is based on the averments in the FAC, which must be taken as true for purposes of the motion to dismiss under Rule 12(b)(6), and documents of which the Court may take judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

jurisdiction at the time the action is commenced. *See Tosco Corp. v. Cmtys. for Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Accordingly, when considering this type of challenge, the court is required to "accept as true the allegations of the complaint." *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001). In a factual attack, by contrast, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the Court need not presume the truthfulness of the plaintiff's allegations and it may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.* Once a factual challenge has been raised, the party opposing dismissal must present "affidavits or other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

**B. Breach of Contract and *Quantum Meruit***

Under California law, formation of a contract requires (1) parties capable of contracting, (2) their consent, (3) a lawful object, and (4) a sufficient cause or consideration. *See* CAL. CIV. CODE § 1550. A contract can be either express or implied. *Id.* § 1619. The existence and terms of an implied contract are manifested by the conduct of the parties. *Id.* § 1621; *see, e.g.*, *Green Valley Landowners Ass'n v. City of Vallejo*, 194 Cal. Rptr. 3d 19, 25 (Ct. App. 2015). "An implied-in-fact contract requires proof of the same elements necessary to evidence an express contract: mutual assent or offer and acceptance, consideration, legal capacity and lawful subject matter." *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1050–51 (9th Cir. 2015) (quoting 1 RICHARD A. LORD, WILLISTON ON CONTRACTS § 1:5, at 37–38 (4th ed. 2007)). Mutual assent is determined based on an objective standard "i.e., the reasonable meaning of [the parties'] words and acts," rather than a party's subjective intent. *DeLeon v. Verizon Wireless, LLC*, 143 Cal. Rptr.

3d 810, 820 (Ct. App. 2012); *see also Stewart v. Preston Pipeline Inc.*, 36 Cal. Rptr. 3d 901, 919 (Ct. App. 2005).

*Quantum meruit* "refers to the well-established principle that 'the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered.'" *Huskinson & Brown, LLP v. Wolf*, 84 P.3d 379, 381 (Cal. 2004) (quoting *Long v. Rumsey*, 84 P.2d 146, 149 (Cal. 1938)). Thus, while a contract need not actually exist, there must be circumstances evidencing that "the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made." *Port Med. Wellness, Inc. v. Conn. Gen. Life Ins. Co.*, 233 Cal. Rptr. 3d 830, 852 (Ct. App. 2018) (quoting *Huskinson & Brown*, 84 P.3d at 381). The elements of a quantum meruit claim are "(1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." *Fudy Printing Co., Ltd. v. Aliphcom, Inc.*, No. 17-cv-03863-JSC, 2019 WL 2180221, at *4 (N.D. Cal. Mar. 7, 2019) (quoting *Cedars Sinai Med Ctr. v. Mid-W. Nat'l Life Ins. Co. of Tenn.*, 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000).

## IV. DISCUSSION

Trustmark and TCW both argue that the FAC fails to state a claim upon which relief can be granted. Separately, Trustmark argues the Court lacks subject-matter jurisdiction, and TCW argues that Plaintiff's suit is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). These arguments are each addressed in turn.

### A. Rule 12(b)(6)

Defendants both argue that Plaintiff has failed to plead adequate facts evidencing the formation (let alone breach) of an implied contract, and that Plaintiff's *quantum meruit* theory is not viable. Defendants cite numerous decisions from this District and from California courts that elaborate on this area of law, but none weigh so heavily over this particular case as this Court's recent decision in *Stanford Health Care v. Blue Cross Blue Shield of North Carolina, Inc.* (*BCBS*), No. 21-cv-04598-BLF, 2022 WL 195847 (N.D. Cal. Jan. 21, 2022). There, Stanford Health Care

sued Blue Cross Blue Shield of North Carolina, Inc. ("BCBS"), advancing the same legal theories and presenting analogous factual assertions as those in the immediate case. The district court granted BCBS's motion to dismiss under Rule 12(b)(6). The Court noted that "the caselaw almost unanimously indicates that the kinds of facts Stanford alleges . . . are insufficient to state a claim for implied contract." *BCBS*, 2022 WL 195847 at *7. Specifically, courts have repeatedly rejected the argument that verification of benefits and authorization of services, alone, can establish an implied contract. *See id.* at *6 (citing, e.g., *Pac. Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*, 218 Cal. Rptr. 3d 562, 575 (Ct. App. 2017)). The Court, furthermore, dismissed Stanford's *quantum meruit* claim on the grounds that Stanford had not shown BCBS had "made a specific request for the services at issue, which courts require, particularly when the services at issue are provided to a third party," *id.* at *9, nor that BCBS had "benefited directly from Stanford's services," *id.* at *10. Since the Court saw "no way for Stanford to get around the gaps in its quantum meruit allegations through amendment," that claim was dismissed without leave to amend. *Id.* at *11.

While the *BCBS* decision is, of course, not binding on the present case, it carries very significant persuasive weight. Plaintiff here relies on the same theory for breach of implied contract — that, by verifying patients' enrollment in Defendants' health plan, an implied contract was thereby created. Plaintiff further cites to the same authorities that failed to persuade the *BCBS* Court, and it fails to distinguish adequately the considerable quantity of caselaw supporting Defendants' position. Perhaps most notably, Plaintiff's briefing failed to discuss, let alone differentiate, the *BCBS* decision from the present case, nor does it discuss any intervening decisions that would suggest a different outcome is appropriate.[3] As such, Defendants' 12(b)(6) motions are both granted.

///

---

[3] At oral argument, Plaintiff was eventually able to raise some grounds for distinguishing *BCBS* from the present case, though none that would justify denying Defendants' motions.

### B. Rule 12(b)(1)

Trustmark separately contends the Court lacks subject-matter jurisdiction on the grounds that it is only the third-party administrator of the health plan and expressly "does not assume any financial risk or obligation with respect to claims under the Plan." Dkt. 23, at 10. In support of this argument, Trustmark provides a declaration from its Chief Operating Officer, alongside documentation of the health plan itself. *See* Dkts. 23-1, 23-2. Trustmark's motion constitutes a factual attack, given that it disputes Plaintiff's assertion that Trustmark is obligated to pay for the employee's medical expenses. *See Safe Air*, 373 F.3d at 1039. As such, Plaintiff was required to furnish evidence supporting its contention that subject-matter jurisdiction exists here. Not only did Plaintiff fail to provide such support, it failed to respond to Trustmark's Rule 12(b)(1) motion at all.[4] Since Trustmark has provided adequate evidence to support its motion, the motion is granted.

### C. Conflict Preemption

Finally, TCW moves to dismiss on the separate ground that the FAC fails to state a claim because its claims are preempted by ERISA. It argues that ERISA expressly preempts any "[s]tate common law tort and contract actions asserting improper processing of a claim for benefits under an employee benefit plan." Dkt. 25, at 10. Plaintiff, in opposition, argues that because its claims are based on independent obligations to pay for medical services, rather than claims under the health plan, ERISA does not preempt its suit.[5] TCW concedes that "run-of-the-mill" state law claims are not preempted, but it reiterates that Plaintiff has failed to show "that it was promised a specific rate of reimbursement for any of the services at issue." Dkt. 30, at 5.

Given Plaintiff's failure to provide sufficient factual allegations to survive dismissal under

---

[4] This lapse is surprising given that the defendant in *BCBS* also moved for dismissal under Rule 12(b)(1), and Stanford Health Care addressed subject-matter jurisdiction in its opposition to that motion. *See BCBS*, 2022 WL 195847 at *3–4.

[5] Plaintiff also curiously argues that, because it is the "master of its complaint," it has avoided the specter of preemption by purposely not invoking federal question jurisdiction. Dkt. 33, at 4. This is simply incorrect as a matter of law. *See, e.g.*, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956–58 (9th Cir. 2002).

Rule 12(b)(6), as discussed above, it is not necessary to reach this alternative basis for dismissal. However, Plaintiff should clarify in any amended pleading whether its basis for recovery falls outside of ERISA's preemption provision in order to avoid dismissal on this ground.

### V. CONCLUSION

For the reasons discussed above, Trustmark's Rule 12(b)(6) and 12(b)(1) motions are granted, and TCW's Rule 12(b)(6) motion is granted. Plaintiff is granted leave to amend. Any amended complaint shall be filed within 21 days of the date of this Order.

**IT IS SO ORDERED**.

Dated: January 18, 2023

_____
RICHARD SEEBORG
Chief United States District Judge