LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
JOY STEPHENSON-LAWS, ESQ.          (SBN 113755)
jstephenson@sacfirm.com
RICHARD A. LOVICH, ESQ.              (SBN 113472)
rlovich@sacfirm.com
KARLENE J. ROGERS-ABERMAN, ESQ.  (SBN 237883)
kaberman@sacfirm.com
DAVID F. MASTAN, ESQ.                    (SBN 152109)
dmastan@sacfirm.com
VENETIA BYARS, ESQ.                       (SBN 325741)
vbyars@sacfirm.com
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone:   (818) 559-4477
Facsimile:    (818) 559-5484

Attorneys for Plaintiff,
STANFORD HEALTH CARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HEALTH CARE, a California nonprofit corporation,<br><br>           Plaintiffs,<br>     v.<br><br>TRUSTMARK SERVICES COMPANY, a Delaware for profit corporation, and DOES 1 THROUGH 25, INCLUSIVE,<br><br>           Defendants, | Case No.: 5:22-cv-03946-SVK<br><br>THIRD AMENDED COMPLAINT FOR DAMAGES FOR:<br><br>1.   BREACH OF IMPLIED IN FACT CONTRACT;<br><br>2.   *QUANTUM MERUIT* |

## PARTIES

1. Plaintiff STANFORD HEALTH CARE ("Stanford Hospital") is a nonprofit corporation organized and existing pursuant to the laws of the State of California. Stanford Hospital has its principal place of business in the city of Palo Alto, county of Santa Clara, state of California. Stanford Hospital renders medically necessary care to patients.

2. Defendant Trustmark Services Company ("Trustmark") is a for profit company qualified to do business in the State of California and organized and existing pursuant to the laws of the State of Delaware. Trustmark has its principal place of business in the City of Lake Forest, county of Lake, State of Illinois.

3. Defendant The Chefs' Warehouse, Inc. ("Chef's Warehouse") is a corporation qualified to do business in the State of California and organized and existing pursuant to the laws of the State of Delaware. Trustmark has its principal place of business in the City of Ridgefield, County of Fairfield, State of Connecticut.

4. Stanford Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership, or otherwise of defendants Does 2 through 25, inclusive, and therefore sues such defendants by such fictitious names. Stanford Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

5. Trustmark, The Chef's Warehouse, Inc., and Does 2 through 25, inclusive, shall be collectively referred to as "Defendants"

6. Defendants and each of them, at all relevant times, have transacted

business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

7. At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venture, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

8. Stanford expressly disavows this action implicates any of the rights it may have gained through an assignment of benefits from the Patient. To the extent recovery on any of the claims asserted herein rely upon such an assignment, Stanford declines such recovery in this action. Stanford elects to bring this suit specifically and exclusively on the basis of causes of action arising under the laws of the State of California.

## COMMON FACTUAL BACKGROUND

9. MultiPlan Group, Inc. ("Multiplan") had entered into various written contracts with hospitals (collectively, the "Multiplan Contracts"). According to the Multiplan Contracts, hospitals agreed to render medically necessary care to individual enrollees of health plans, which health plans were or would be registered with Multiplan as payer signatories ("Payer") to the Multiplan Contracts. In exchange, Multiplan agreed on behalf of each such Payer that the Payers would pay such hospitals for the medically necessary care rendered to the individual enrollees of that Payer's health plan at the Multiplan Contracts rates.

10. At all relevant times, Trustmark had contracted with Chef's Warehouse as third party administrator for Trustmark's self-funded health plan. At all relevant times, Chef's Warehouse was registered with Multiplan as a payer signatory to the Multiplan Contract so as to gain access to the discounted Contract Rates. Trustmark, through its third party administrator Chef's Warehouse, hence agreed to pay hospitals and/or physicians for the medically necessary care rendered to the individual enrollees of Trustmark's health plan pursuant to the terms of the Multiplan Contracts.

11. At all relevant times, Stanford Hospital had entered into the Multiplan Contract as a provider of medically necessary care for the benefit of all individual enrollees of health plans who were or would be registered as Payer signatories, such as Chef's Warehouse and by extension Trustmark, under that contract. Thus, under the Multiplan Contract, Stanford Hospital agreed to render medically necessary care to the individual enrollees of Trustmark' health plan; in exchange, Trustmark (being a Payer signatory through Chef's Warehouse) agreed to pay Stanford Hospital the negotiated rates pursuant to the terms of the Multiplan Contract for that care. In general, the negotiated rates under the Multiplan Contract provide for medically necessary care to be paid at a discount off of Stanford Hospital's usual and customary total billed charges.

12. As a Provider under the Multiplan Contract, Stanford Hospital agreed to submit bills to Trustmark and/or Chef's Warehouse reflecting Stanford Hospital's usual and customary total billed charges associated with rendering medically necessary care to the individual enrollees of the Trustmark health plan. In exchange, Trustmark, through Chef's Warehouse, agreed to process and pay such claims according to the rates specified in the Multiplan Contract (i.e., Stanford's Hospital usual and customary total billed charges less a specified

discount).

13. At all relevant times, the individuals identified on the spreadsheet attached as Exhibit A to this complaint (and which is incorporated here by this reference as though set forth in full) (collectively, the "Patients")[1] were an individual member of the Defendant's health plan. [See Exhibit A]

14. At all relevant times, Stanford Hospital is informed and believes and thereon alleges that Defendants instructed its members to go to the nearest emergency hospital to obtain medically necessary services (including emergency related medical services) when the members believe they are experiencing an emergency medical condition.

15. At all relevant times, Stanford Hospital is informed and believes and thereon alleges that pursuant to state and federal laws, hospitals with an emergency department, such as Stanford Hospital, are required by law to provide emergency services regardless of the patient's financial status or insurance coverage.

16. At all relevant times, Stanford Hospital is informed and believes and thereon alleges that pursuant to state and federal laws, health plans, such as Defendants, are required by law to pay hospitals the reasonable value for medically necessary services (including emergency related medical services) rendered to their members regardless whether the services were rendered in-network or out-of-network. California Health & Safety Code § 1371.4(b);

---

[1] Stanford Hospital has limited the disclosure of patient identification information in this complaint pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320(d) et seq., and the California Constitution, art. 1, § 1.

California Health & Safety Code § 1371.4.

17. Patients were treated at Stanford Hospital from January 2020 through June 2021. For the duration of Patient's stay(s), Stanford Hospital rendered medically necessary emergency care to Patients.

18. Stanford Hospital's usual and customary total billed charges for rendering the medically necessary care to Patients amounted to $950,154.44. Thus, according to the discounted rates specified (70% of total billed charges) within the Multiplan Contract, Defendant's owed Stanford Hospital $665,108.11 for such care (the "Contract Amount Due").

19. Stanford Hospital timely and properly submitted the billed charges to Defendants, for payment by Defendants.

20. Defendants failed to fully pay Stanford Hospital for the medically necessary services, supplies and/or equipment rendered to Patients.

21. As a direct and proximate result of Defendants' wrongful conduct, Stanford Hospital has suffered damages in an amount to be proven at trial but not less than the sum of $513,760.25, exclusive of interest.

**FIRST CAUSE OF ACTION**

Breach of Implied-in-Fact Contract

(Against All Defendants)

22. Stanford Hospital incorporate by reference and re-alleges paragraphs 1 through 21 here as though set forth in full.

23. At all relevant times, Stanford Hospital was a provider member of the Multiplan Network and as such agreed to render medically necessary care to individual enrollees of health plans, which health plans were or would be registered with Multiplan as Payer[s].

24. At all relevant times, Trustmark through Chef's Warehouse, was a Payer member of the Multiplan Network and as such agreed to pay Multiplan healthcare provider members, such as Stanford Hospital, the negotiated rates pursuant to the terms of the Multiplan Contract for the medical services rendered to its beneficiaries.

25. Stanford Hospital and Defendants, through their respective conduct of joining and participating in the Multiplan network, evidenced assent to enter into an agreement concerning the provision of medical services and the payment for the provision of said services.

26. Stanford Hospital in providing medically necessary treatment to Patients, a Trustmark/Chef's Warehouse beneficiary, has fully satisfied all of its obligations to Defendants.

27. Defendants, on the other hand, has not satisfied its respective obligations to Stanford Hospital by failing to reimburse Stanford Hospital for the services rendered to Patients.

28. Defendants additionally instructed Stanford that the balance is not patient responsibility on the EOB, stating that payment was a contractual obligation.

1   29. As a result of the breach by Defendants, Stanford Hospital
2   suffered damages in the sum of $513,760.25.

## SECOND CAUSE OF ACTION

*Quantum Meruit*
(Against All Defendants)

30. Stanford Hospital incorporate by reference and re-alleges paragraphs 1 through 21 here as though set forth in full.

31. Stanford Hospital informed and believes and thereon alleges that at all relevant times, Patient J.K. was a member of Defendants' health plans and paid premiums for medical coverage. In exchange for such payment of premiums, Patient J.K. expected Defendants to accept, process, arrange for, and/or pay hospitals for the emergency-related medically necessary services rendered to Patient J.K.

32. Stanford Hospital informed and believes and thereon alleges that by providing such emergency related medically necessary services to Patient J.K. from September 8, 2020 to September 20, 2020, Stanford Hospital conferred a benefit upon Defendants because it allowed Defendants to make good on promises made to their member that their member and their families would receive and be covered for medically necessary services and would shield their members from the bulk of the financial responsibility for payment for medical care received by them and their families. For example, when the plan beneficiaries pay premiums, Defendants become obligated to accept, process, arrange for, and/or pay health care providers for the value of medical services rendered to their members and/or their families. Thus, by fulfilling its coverage obligations to Patient J.K.,

Defendants do not have to face allegations that they breached any duties owed to the plan members and their families.  In other words, by rendering emergency related medically necessary services to Patient J.K., Stanford Hospital helped Defendants fulfill their legal duty as explained above.  Thus, a benefit accrued to Defendants and Stanford Hospital is entitled to the reimbursement of the reasonable value of the services.  The reasonable value of the services is Stanford Hospital's usual and customary full bill charges.

33. Stanford Hospital is informed and believes and thereon alleges that Defendants promised Patient J.K. (or their representatives) it would arrange for and/or pay for emergency related medically necessary services needed by them.

34. Based upon Defendants agent's, and/or enrollee's special request and insistence, Stanford Hospital rendered medical care to Patient J.K. as described herein.

35. The labor, equipment, and materials so rendered permitted Defendants to meet its duties and obligations under Defendant's health plan contract with its enrollees.  Thus, Defendants realized a benefit from the labor, equipment, and materials so rendered by Stanford Hospital.

36. Defendants and/or its agent are aware of the benefit it realized from the labor, equipment, and materials so rendered by Stanford Hospital and Defendant's accepted and enjoyed such benefit without protest.

37. It would be inequitable to allow to Defendants retain the value of the labor, equipment, and materials without paying for the full value of said labor, equipment, and materials.

38. As a result of Defendants' misconduct, Stanford Hospital has suffered damages in an amount to be proven at trial according to proof but which amounts to at least $ 238,209.78, exclusive of interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Stanford Hospital pray for judgment as follows:

For the First Cause of Action stated herein:

1. for the principal sum of $513,760.25;
2. for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289.

For the Second Cause of Action stated herein:

1. for the principal sum of $238,209.78;
2. for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289.

For all Causes of Action:

1. for all costs of suit incurred herein; and,
2. for such other and further relief as the Court deems just and proper.

DATE: April 10, 2023

LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.



VENETIA BYARS, ESQ.
Attorney for
STANFORD HOSPITAL HEALTH SYSTEM, a
California nonprofit public benefit corporation

# EXHIBIT A

30035 — - 11 -   THIRD AMENDED COMPLAINT

**STANFORD HEALTH CARE V. TRUSTMARK, TRUSTMARK HEALTH BENEFITS**

**FC 30035 Exhibit A to Complaint**

| No. | File Number | Admit Date | Discharge Date | Provider Name | Total Charges | Underpaid |
|---|---|---|---|---|---|---|
| 1 | 000066240276 | 1/24/2020 | 1/25/2020 | STANFORD HEALTH CARE | $171,524.26 | $87,739.36 |
| 2 | 000067440068 | 11/23/2020 | 11/23/2020 | STANFORD HEALTH CARE | $15,563.55 | $15,563.55 |
| 3 | 000067806355 | 8/28/2020 | 8/28/2020 | STANFORD HEALTH CARE | $18,720.00 | $9,927.39 |
| 4 | 050000485211 | 11/30/2020 | 11/30/2020 | STANFORD HEALTH CARE | $31,233.66 | $18,789.88 |
| 5 | 050000881078 | 1/11/2021 | 1/11/2021 | STANFORD HEALTH CARE | $19,528.65 | $12,395.47 |
| 6 | 050001728515 | 3/5/2021 | 3/5/2021 | STANFORD HEALTH CARE | $31,222.67 | $17,840.75 |
| 7 | 050000463369 | 11/5/2020 | 11/5/2020 | STANFORD HEALTH CARE | $22,638.58 | $15,002.21 |
| 8 | 050000054105 | 9/8/2020 | 9/16/2020 | STANFORD HEALTH CARE | $478,797.96 | $238,209.78 |
| 9 | 050000855878 | 12/28/2020 | 12/28/2020 | STANFORD HEALTH CARE | $18,833.50 | $11,339.44 |
| 10 | 050000855877 | 12/14/2020 | 12/14/2020 | STANFORD HEALTH CARE | $20,467.50 | $12,303.57 |
| 11 | 050000484942 | 11/2/2020 | 11/2/2020 | STANFORD HEALTH CARE | $29,265.53 | $17,514.64 |
| 12 | 050000392914 | 10/14/2020 | 10/14/2020 | STANFORD HEALTH CARE | $58,982.00 | $36,878.50 |
| 13 | 050001938539 | 6/10/2021 | 6/10/2021 | STANFORD HEALTH CARE | $16,668.85 | $10,116.64 |
| 14 | 050000477754 | 11/16/2020 | 11/16/2020 | STANFORD HEALTH CARE | $16,707.73 | $10,139.07 |
| | | | | | | $513,760.25 |